**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., and PHILIPS NORTH AMERICA LLC<br><br>Plaintiffs,<br><br>v.<br><br>HP INC.,<br><br>Defendant. | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Koninklijke Philips N.V. and Philips North America LLC (collectively, "Philips" or "Plaintiffs") bring this action for patent infringement under 35 U.S.C. § 271 against HP, Inc. ("HP" or "Defendant"), and allege as follows:

**THE PARTIES**

1. Plaintiff Koninklijke Philips N.V. (formerly known as Koninklijke Philips Electronics N.V.) ("Philips N.V.") is a corporation duly organized and existing under the laws of The Netherlands, with its principal place of business at High Tech Campus 5, 5656 AE Eindhoven, The Netherlands.

2. Plaintiff Philips North America LLC (formerly known as Philips Electronics North America Corporation) ("Philips North America") is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business at 222 Jacobs Street, Cambridge, MA 02141. Philips N.V. is the parent of Philips North America.

3. Defendant HP Inc. is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 1501

Page Mill Road, Palo Alto, CA 94304.

4. Defendant, either itself and/or through the activities of its subsidiaries, and/or intermediaries (including distributors, retailers, and others), makes, uses, sells, offers for sale, and/or imports throughout the United States, including within the District of Delaware (this "District"), products, such as digital video-capable devices and components thereof, that infringe the Asserted Patents, defined below. Defendant orders and purchases components, such as digital video capable integrated circuits and associated firmware, that it incorporates into digital video-capable devices that are made, used, sold, offered for sale, and/or imported throughout the United States, including within this District. These digital video-capable devices may include, but are not limited to, desktops, laptops, all-in-one-PCs, thin clients, tablets, convertible PCs, workstations, monitors, displays, projectors, video adapters, and/or video hubs.

## THE ASSERTED PATENTS

### U.S. Patent No. 9,436,809

5. United States Patent No. 9,436,809 (the "'809 Patent") is entitled "Secure Authenticated Distance Measurement" and issued on September 6, 2016 to inventor Franciscus L. A. J. Kamperman. The '809 Patent issued from United States Patent Application No. 14/538,493 filed on November 11, 2014. A copy of the '809 Patent is attached hereto as Exhibit A.

### U.S. Patent No. 10,091,186

6. United States Patent No. 10,091,186 (the "'186 Patent") is entitled "Secure Authenticated Distance Measurement" and issued on October 2, 2018 to inventor Franciscus L. A. J. Kamperman. The '186 Patent issued from United States Patent Application No. 15/352,646 filed on November 16, 2016. A copy of the '186 Patent is attached hereto as Exhibit B.

### U.S. Patent No. 9,590,977

7. United States Patent No. 9,590,977 (the "'977 Patent") is entitled "Secure Authenticated Distance Measurement" and issued on March 7, 2017 to inventor Franciscus L. A. J. Kamperman. The '977 Patent issued from United States Patent Application No. 15/229,207 filed on August 5, 2016. A copy of the '977 Patent is attached hereto as Exhibit C.

**U.S. Patent No. 10,298,564**

8. United States Patent No. 10,298,564 (the "'564 Patent") is entitled "Secure Authenticated Distance Measurement" and issued on May 21, 2019 to inventor Franciscus L. A. J. Kamperman. The '564 Patent issued from United States Patent Application No. 16/117,019 filed on August 30, 2018. A copy of the '564 Patent is attached hereto as Exhibit D.

9. By way of assignment, Philips N.V. owns all rights, title, and interest to the '809 Patent, '186 Patent, '977 Patent and '564 Patent (collectively, the "Asserted Patents").

10. The Asserted Patents are each valid and enforceable.

**JURISDICTION AND VENUE**

11. This is a civil action for patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq*.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because Defendant is incorporated and resides in the State of Delaware and has committed acts of infringement in this District.

14. This Court has personal jurisdiction over Defendant. Defendant is a resident of this District. Defendant has and does conduct business within the State of Delaware including in this District. Defendant, directly or through subsidiaries, affiliates or intermediaries (including distributors, retailers, and others), ships,

distributes, makes, uses, offers for sale, imports and/or advertises (including by providing an interactive web page) its products and/or services in the United States and this District, and/or contributes to and actively induces their customers to ship, distribute, make, use, offer so sale, sell, import, and/or advertise (including the provision of interactive web pages) infringing products and/or services in the United States and this District. Defendant, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that those products will be purchased and used by customers and/or consumers in this District.

## BACKGROUND

15. Philips incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

16. Philips is a world-renowned company that engages in research and development in numerous fields. One of these fields pertains to digital video-capable devices for delivering and displaying content to users. Exemplary products in this field include desktops, laptops, all-in-one- PCs, thin clients, tablets, convertible PCs, workstations, monitors, displays, projectors, video adapters, and/or video hubs. The Asserted Patents derive from Philips's efforts in this field and claim protection for, among other things, delivering and displaying content to users.

17. Defendant made, used, sold, offered for sale, imported, tested, designed, and/or marketed in the United States digital video-capable devices for delivering and/or displaying content to users that infringe the Asserted Patents.

18. Defendant has actual notice of the Asserted Patents. Defendant received actual notice of the Asserted Patents at least as early as March 21, 2014 by way of a letter to Defendant dated March 21, 2014. That letter included references to U.S. Patent No. 8,543,819 and U.S. Pat. App. No. 10/521,858. Defendant received a

second letter dated September 16, 2020 that include allegations of infringement of the Asserted Patents. Additionally, the filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287.

19. With actual notice of the Asserted Patents, Defendant has directly infringed, and continues to directly infringe the Asserted Patents under 35 U.S.C. § 271(a) and (g) by one or more of making, using, selling and/or offering to sell, in this District and elsewhere in the United States, and importing into this District and elsewhere in the United States, certain infringing digital video-capable devices that infringe the Asserted Patents (collectively, "Accused Products"), as further described in detail in Counts I-IV *infra*.

20. The Accused Products include, but are not limited to, all digital video-capable devices, including but not limited to, desktops, laptops, all-in-one- PCs, thin clients, tablets, convertible PCs, workstations, monitors, displays, projectors, video adapters, and/or video hubs, and other products that support the HDCP 2.0 protocol and above that Defendants, either themselves and/or through the activities of their subsidiaries or intermediaries (including distributors, retailers, and others), make, use, sell, offer for sale, and/or import throughout the United States, such as: Chromebook, X360, ENVY, Elite Dragonfly, 700-Series, 800 Series, Pavilion/Pavilion Gaming, ProBook, Spectre Folio and Folio, ZBook, Create, Firefly, Studio, and OMEN laptops; Omen, Pavilion, Mini, Envy, ProDesk, and EliteDesk desktops; EliteOne and ProOne all-in-one PCs; HP 7, 8 and 10 tablets; x360 and Spectre Folio convertible PCs; Z workstations; HP Z, Omen X Emperium, DreamcColor and U monitors and displays; HP HDMI 2.0 video adapters; HP Hub video adapters and HP UltraSlim, USB-C, Thunderbolt, and Z VR Backpack docks. This list of Defendant's currently known digital video-capable devices is exemplary and, on information and belief, many other of Defendant's digital video-capable devices infringe the Asserted Patents.

21. Defendant has also indirectly infringed, and continues to indirectly infringe the Asserted Patents under 35 U.S.C. § 271(b) and (c). Defendant knew and intended to induce and contribute to the infringement of the Asserted Patents. The Accused Products have no substantial non-infringing use, are a material part of the invention of each Asserted Patent, especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

22. After receiving actual notice of the Asserted Patents, Defendant continued to actively induce, and materially contribute to, its customers' infringement of the Asserted Patents by making, using, selling, offering for sale, marketing, advertising, and/or importing digital video-capable devices that infringe the Asserted Patents, and instructing customers to infringe the Asserted Patents.

23. Defendant specifically intended its customers, consumers, manufacturers, retailers, and resellers perform acts that constitute direct infringement of the Asserted Patents. For example, Defendant designed the Accused Products to support HDMI and HDCP 2.0 and above such that its customers, consumers, manufacturers, retailers, and resellers would each infringe the Asserted Patents if the Accused Products were made, used, sold, offered for sale, or imported into the United States. Defendant provided, directly or indirectly, the Accused Products to others, such as, but not limited to customers and end users, knowing and intending that they would use, sell, offer for sale, and/or import the Accused Products in and/or into the United States.

24. Defendant contributes to infringement of the Asserted Patents by others, such as, but not limited to customers and end users, by encouraging them to, manually or automatically, download certain software updates to the digital video-capable devices via the Internet – "How to update firmware … Most will be

automatic, but you may be able to take a more manual approach with some."[1] On information and belief, such software updates include updates to the firmware associated with digital video-capable integrated circuit(s) found within the Accused Products.

25. Thus, Defendant has indirectly infringed, and continues to indirectly infringe, the Asserted Patents under 35 U.S.C. § 271(b) by actively inducing its customers to infringe the Asserted Patents by making, using, selling, offering for sale, marketing, advertising, and/or importing the Accused Products to its customers and by instructing customers to infringe the Asserted Patents, as described in detail in Counts I-IV *infra*. Additionally, Defendant has indirectly infringed, and continue to indirectly infringe the Asserted Patents under 35 U.S.C. § 271(c) by materially contributing to its own customers' infringement of the Asserted Patents by making, using, selling, offering for sale, advertising, marketing, and/or importing the Accused Products to its customers and instructing customers to infringe the Asserted Patents, as described in detail in Counts I-IV *infra*.

26. Defendant's acts of infringement have caused damage to Philips. Philips is entitled to recover from Defendant the damages incurred by Philips as a result of Defendant's wrongful acts.

**COUNT I**

**Defendant's Infringement of the '809 Patent**

27. Philips incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

28. Defendant has directly infringed, and continue to directly infringe, the '809 Patent by making, using, selling, offering for sale, or importing throughout the United States products and/or methods covered by one or more claims of the '809

[1] *See, e.g.*, https://store.hp.com/us/en/tech-takes/what-is-a-firmware-update.

Patent including, but not limited to, digital video-capable devices. The products that infringe one or more claims of the '809 Patent include, but are not limited to, at least the Accused Products. Further discovery may reveal additional infringing products and/or models.

29. For example and without limitation, the Accused Products infringe claims 1, 17 and 49 of the '809 Patent.

30. Attached hereto as Exhibit E, and incorporated into this Complaint, is a claim chart showing where in the HP ProBook x360 11 G6 EE Notebook PC, Model No. 3C534UT#ABA each limitation of claims 1, 17 and 49 are met. This claim chart is exemplary and, on information and belief, many other products provided by Defendant infringe the '809 Patent.

31. Defendant has, and continues to, indirectly infringe the '809 Patent by actively inducing and contributing to the infringement of the '809 Patent by others, such as customers, resellers, and retailers. These others include, but are not limited to, Walmart Inc. and its affiliates, who, for example, sell, offer for sale, and/or import throughout the United States, including within this District, the Accused Products.[2]

32. Defendant specifically intended others, such as customers, resellers, and retailers, to infringe the '809 Patent and knew that these others perform acts that constituted direct infringement. For example, Exhibit E shows that an exemplary product, the HP ProBook x360 11 G6 EE Notebook PC, Model No. 3C534UT#ABA, which is sold by Walmart Inc., infringes the '809 Patent. Defendant designed the Accused Products such that they would each infringe the '809 Patent as described in Exhibit E if made, used, sold, offered for sale, or imported throughout the United States. Defendant provided, directly or indirectly, Accused Products to others, such

---

[2] https://www.walmart.com/ip/HP-ProBook-x360-11-G6-EE-Notebook-PC/290140040.

as, but not limited to, customers, knowing and intending that those others would use, sell, offer for sale, and/or import the Accused Products throughout the United States, thereby directly infringing one or more claims of the ’809 Patent.

33. In addition, upon information and belief, Defendant provides instructions, user guides, and/or other documentation to the infringing others regarding the use and operation of the Accused Products. When others follow such instructions, user guides, and/or other documentation, they directly infringe one or more claims of the ’809 Patent. By providing such instructions, user guides, and/or other documentation, Defendant knows and intends that others will follow those instructions, user guides, and other documentation, and thereby directly infringe one or more claims of the ’809 Patent. Thus, Defendant knows that its actions actively induce infringement.

34. The Accused Products have no substantial non-infringing uses and are a material part of the invention. As described in Exhibit E, any manufacture, use, sale offer for sale or importation throughout the United States of an Accused Product infringes the ’809 Patent. Thus, the Accused Products have no substantial non-infringing uses.

35. Philips has been and continues to be damaged and irreparably harmed by Defendant’s infringement of the ’809 Patent. This irreparable harm will continue unless this Court enjoins Defendant from further infringement of the ’809 Patent.

36. Philips is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Defendant’s infringement of the ’809 Patent.

**COUNT II**

**Defendant’s Infringement of the ’186 Patent**

37. Philips incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

38. Defendant has directly infringed, and continue to directly infringe, the

’186 Patent by making, using, selling, offering for sale, or importing throughout the United States products and/or methods covered by one or more claims of the ’186 Patent including, but not limited to, digital video-capable devices. The products that infringe one or more claims of the ’186 Patent include, but are not limited to, at least the Accused Products. Further discovery may reveal additional infringing products and/or models.

39. For example and without limitation, the Accused Products infringe claim 1 of the ’186 Patent.

40. Attached hereto as Exhibit F, and incorporated into this Complaint, is a claim chart showing where in the HP ProBook x360 11 G6 EE Notebook PC, Model No. 3C534UT#ABA each limitation of claim 1 is met. This claim chart is exemplary and, on information and belief, many other products provided by Defendant infringe the ’186 Patent.

41. Defendant has, and continues to, indirectly infringe the ’186 Patent by actively inducing and contributing to the infringement of the ’186 Patent by others, such as customers, resellers, and retailers. These others include, but are not limited to, Walmart Inc. and its affiliates, who, for example, sell, offer for sale, and/or import throughout the United States, including within this District, the Accused Products.

42. Defendant specifically intended others, such as customers, resellers, and retailers, to infringe the ’186 Patent and knew that these others perform acts that constituted direct infringement. For example, Exhibit F shows that an exemplary product, the HP ProBook x360 11 G6 EE Notebook PC, Model No. 3C534UT#ABA, which is sold by Walmart Inc., infringes the ’186 Patent. Defendant designed the Accused Products such that they would each infringe the ’186 Patent as described in Exhibit F if made, used, sold, offered for sale, or imported throughout the United States. Defendant provided, directly or indirectly, Accused Products to others, such as, but not limited to, customers, knowing and intending that those others would use,

sell, offer for sale, and/or import the Accused Products throughout the United States, thereby directly infringing one or more claims of the ’186 Patent.

43. In addition, upon information and belief, Defendant provides instructions, user guides, and/or other documentation to the infringing others regarding the use and operation of the Accused Products. When others follow such instructions, user guides, and/or other documentation, they directly infringe one or more claims of the ’186 Patent. By providing such instructions, user guides, and/or other documentation, Defendant knows and intends that others will follow those instructions, user guides, and other documentation, and thereby directly infringe one or more claims of the ’186 Patent. Thus, Defendant knows that its actions actively induce infringement.

44. The Accused Products have no substantial non-infringing uses and are a material part of the invention. As described in Exhibit F, any manufacture, use, sale offer for sale or importation throughout the United States of an Accused Product infringes the ’186 Patent. Thus, the Accused Products have no substantial non-infringing uses.

45. Philips has been and continues to be damaged and irreparably harmed by Defendant’s infringement of the ’186 Patent. This irreparable harm will continue unless this Court enjoins Defendant from further infringement of the ’186 Patent.

46. Philips is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Defendant’s infringement of the ’186 Patent.

## COUNT III

### Defendant’s Infringement of the ’977 Patent

47. Philips incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

48. Defendant has directly infringed, and continues to directly infringe, the ’977 Patent by making, using, selling, offering for sale, or importing throughout the

United States products and/or methods covered by one or more claims of the ’977 Patent including, but not limited to, digital video-capable devices. The products that infringe one or more claims of the ’977 Patent include, but are not limited to, at least the Accused Products. Further discovery may reveal additional infringing products and/or models.

49. For example and without limitation, the Accused Products infringe claims 1 and 11 of the ’977 Patent.

50. Attached hereto as Exhibit G, and incorporated into this Complaint, is a claim chart showing where in the HP ENVY 27 27-inch Monitor, Model No. W5A12AA#ABA each limitation of claims 1 and 11 are met. This claim chart is exemplary and, on information and belief, many other products provided by Defendant infringe the ’977 Patent.

51. Defendant has, and continues to, indirectly infringe the ’977 Patent by actively inducing and contributing to the infringement of the ’977 Patent by others, such as customers, resellers, and retailers. These others include, but are not limited to, Walmart Inc. and its affiliates, who, for example, sell, offer for sale, and/or import throughout the United States, including within this District, the Accused Products.[3]

52. Defendant specifically intended others, such as customers, resellers, and retailers, to infringe the ’977 Patent and knew that these others perform acts that constituted direct infringement. For example, Exhibit G shows that an exemplary product, the HP ENVY 27 27-inch Monitor, Model No. W5A12AA#ABA, which is sold by Walmart Inc., infringes the ’977 Patent. Defendant designed the Accused Products such that they would each infringe the ’977 Patent as described in Exhibit G if made, used, sold, offered for sale, or imported throughout the United States.

[3] https://www.walmart.com/ip/HP-ENVY-27-Monitor-27-Display-4K-UHD-3840-x-2160-W5A12AA/55288747.

Defendant provided, directly or indirectly, Accused Products to others, such as, but not limited to, customers, knowing and intending that those others would use, sell, offer for sale, and/or import the Accused Products throughout the United States, thereby directly infringing one or more claims of the ’977 Patent.

53. In addition, upon information and belief, Defendant provides instructions, user guides, and/or other documentation to the infringing others regarding the use and operation of the Accused Products. When others follow such instructions, user guides, and/or other documentation, they directly infringe one or more claims of the ’977 Patent. By providing such instructions, user guides, and/or other documentation, Defendant knows and intends that others will follow those instructions, user guides, and other documentation, and thereby directly infringe one or more claims of the ’977 Patent. Thus, Defendant knows that its actions actively induce infringement.

54. The Accused Products have no substantial non-infringing uses and are a material part of the invention. As described in Exhibit G, any manufacture, use, sale offer for sale or importation throughout the United States of an Accused Product infringes the ’977 patent. Thus, the Accused Products have no substantial non-infringing uses.

55. Philips has been and continues to be damaged and irreparably harmed by Defendant’s infringement of the ’977 Patent. This irreparable harm will continue unless this Court enjoins Defendant from further infringement of the ’977 Patent.

56. Philips is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Defendant’s infringement of the ’977 Patent.

## COUNT IV

### Defendant’s Infringement of the ’564 Patent

57. Philips incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

58. Defendant has directly infringed, and continues to directly infringe, the ’564 Patent by making, using, selling, offering for sale, or importing throughout the United States products and/or methods covered by one or more claims of the ’564 Patent including, but not limited to, digital video-capable devices. The products that infringe one or more claims of the ’564 Patent include, but are not limited to, at least the Accused Products. Further discovery may reveal additional infringing products and/or models.

59. For example and without limitation, the Accused Products infringe claim 1 of the ’564 Patent.

60. Attached hereto as Exhibit H, and incorporated into this Complaint, is a claim chart showing where in the HP ENVY 27 27-inch Monitor, Model No. W5A12AA#ABA each limitation of claim 1 is met. This claim chart is exemplary and, on information and belief, many other products provided by Defendant infringe the ’564 Patent.

61. Defendant has, and continues to, indirectly infringe the ’564 Patent by actively inducing and contributing to the infringement of the ’564 Patent by others, such as customers, resellers, and retailers. These others include, but are not limited to, Walmart Inc. and its affiliates, who, for example, sell, offer for sale, and/or import throughout the United States, including within this District, the Accused Products.

62. Defendant specifically intended others, such as customers, resellers, and retailers, to infringe the ’564 Patent and knew that these others perform acts that constituted direct infringement. For example, Exhibit H shows that an exemplary product, the HP ENVY 27 27-inch Monitor, Model No. W5A12AA#ABA, which is sold by Walmart Inc., infringes the ’564 Patent. Defendant designed the Accused Products such that they would each infringe the ’564 Patent as described in Exhibit H if made, used, sold, offered for sale, or imported throughout the United States. Defendant provided, directly or indirectly, Accused Products to others, such as, but

not limited to, customers, knowing and intending that those others would use, sell, offer for sale, and/or import the Accused Products throughout the United States, thereby directly infringing one or more claims of the ’564 Patent.

63. In addition, upon information and belief, Defendant provides instructions, user guides, and/or other documentation to the infringing others regarding the use and operation of the Accused Products. When others follow such instructions, user guides, and/or other documentation, they directly infringe one or more claims of the ’564 Patent. By providing such instructions, user guides, and/or other documentation, Defendant knows and intend that others will follow those instructions, user guides, and other documentation, and thereby directly infringe one or more claims of the ’564 Patent. Thus, Defendant knows that its actions actively induce infringement.

64. The Accused Products have no substantial non-infringing uses and are a material part of the invention. As described in Exhibit H, any manufacture, use, sale offer for sale or importation throughout the United States of an Accused Product infringes the ’564 Patent. Thus, the Accused Products have no substantial non-infringing uses.

65. Philips has been and continues to be damaged and irreparably harmed by Defendant’s infringement of the ’564 Patent. This irreparable harm will continue unless this Court enjoins Defendant from further infringement of the ’564 Patent. Philips is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Defendant’s infringement of the ’564 Patent.

## DAMAGES

66. Defendant has refused to compensate Philips for its infringement of the Asserted Patents. Philips is entitled to monetary damages adequate to compensate Philips for Defendant’s infringement in an amount no less than a reasonable royalty for the use made of the patented inventions by Defendant. The precise amount of

damages will be determined through discovery in this action and proven at trial.

## MARKING

67. Philips and its licensees of the Asserted Patents have complied with 35 U.S.C. § 287, and relative to its licensees, Philips has taken reasonable steps to ensure compliance with marking.

## PRAYER FOR RELIEF

WHEREFORE, Philips respectfully asks the Court for an order granting the following relief:

a) A judgment that the Asserted Patents are valid and enforceable;

b) A judgment that Defendant has infringed, directly and indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the ’809 Patent;

c) A judgment that Defendant has infringed, directly and indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the ’186 Patent;

d) A judgment that Defendant has infringed, directly and indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the ’977 Patent;

e) A judgment that Defendant has infringed, directly and indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the ’564 Patent;

f) An injunction against Defendant, its officers, agents, servants, employees, all parent and subsidiary entities, all assignees and successors in interest, and those persons or entities acting in concert or participation with Defendant, including distributors, retailers, and others, enjoining them from further infringement of the Asserted Patents;

g) A judgment awarding Philips all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Asserted Patents, including pre and post judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

h) An accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

i) A finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Philips be awarded its reasonable attorneys' fees against Defendant incurred in prosecuting this action;

j) An award of reasonable attorneys' fees, costs and expenses incurred by Philips in connection with prosecuting this action; and

k) Any and all other relief as the Court finds just, equitable, and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Philips hereby respectfully demands trial by jury on all claims and issues so triable.

Dated: September 17, 2020

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Phone: (302) 777-0300
Fax: (302) 777-0301
BFarnan@farnanlaw.com
MFarnan@farnanlaw.com

OF COUNSEL:

Michael T. Renaud
Adam S. Rizk
Andrew H. DeVoogd
MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO PC
One Financial Center
Boston, Massachusetts 02111
Phone: (617) 542-6000
Fax: (617) 542-2241

MTRenaud@mintz.com
ARizk@mintz.com
DHDeVoogd@mintz.com

*Attorneys for Plaintiffs*
*Koninklijke Philips N.V. and*
*Philips North America LLC*