IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and PHILIPS NORTH AMERICA LLC,<br><br>                    Plaintiffs,<br><br>       v.<br><br>HP INC.,<br><br>                    Defendant. | Civil Action No. 20-1241-CFC |

## ORDER

Plaintiffs Koninklijke Philips N.V. and Philips North America LLC (collectively Philips) sued Defendant HP Inc. (HP) for infringing U.S. Patent Nos. 9,436,809 (the #809 patent); 10,091,186 (the #186 patent); 9,590,977 (the #977 patent); and 10,298,564 (the #564 patent).[1]  D.I. 32.  Pending before me is HP's Motion for Summary Judgment of Indefiniteness.  D.I. 63.

"Indefiniteness is a matter of claim construction, and the same principles that generally govern claim construction are applicable to determining whether allegedly indefinite claim language is subject to construction." *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008), *abrogated on other grounds by*

---

[1] Plaintiffs have since dropped the #977 patent. D.I. 60 at 1.

*Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014) (rejecting Federal Circuit's "insolubly ambiguous" standard for indefiniteness). As in claim construction, in making an indefiniteness determination, the district court may make "any factual findings about extrinsic evidence relevant to the question, such as evidence about knowledge of those skilled in the art, [which] are reviewed for clear error." *See BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1365 (Fed. Cir. 2017). "Any fact critical to a holding on indefiniteness . . . must be proven by the challenger by clear and convincing evidence." *Cox Commc'ns, Inc. v. Sprint Commc'n Co. LP*, 838 F.3d 1224, 1228 (Fed. Cir. 2016) (alteration in original) (quoting *Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1366 (Fed. Cir. 2003)).

Having reviewed the parties' briefing, I have serious questions about whether the terms "a time [difference] between" and "receive . . .when,"[2] read in light of the written description and prosecution history, would inform with reasonable certainty a person skilled in the art about the patented inventions' scope. I think, however, that the prudent course of action is to deny the motion as presented and convene a hearing at which I can hear and assess the credibility of

---

[2] The term at issue reads in full: "receive the protected content from the first device when the first device determines that the second signal is derived from the secret and a time between the sending of the first signal and the receiving of the second signal is less than a predetermined time." #564 patent at 7:22–26.

2

the parties' competing experts. *See HIP, Inc. v. Hormel Foods Corp.*, 2019 WL 2579266, at *5 (D. Del. June 24, 2019), aff'd, 796 F. App'x 748 (Fed. Cir. 2020).

NOW THEREFORE, at Wilmington on this Thirteenth day of March in 2024, it is **HEREBY ORDERED** that:

1. Defendant HP Inc's Motion for Summary Judgment of Indefiniteness (D.I. 63) is **DENIED** as presented and without prejudice.

2. Defendant may refile its motion for summary judgment based on indefiniteness no later than April 1, 2024. The parties should not submit new briefing unless otherwise ordered.

3. If Defendant refiles its motion, a hearing on Defendant's renewed motion for summary judgment will be held on June 13, 2024 at 9:00am. The parties should be prepared to adduce at the hearing the testimony of expert witnesses, and the Court will make credibility findings as it deems necessary.

_____
CHIEF JUDGE