IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., and PHILIPS NORTH AMERICA LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Civil Action No. 20-1241-CFC |

### MEMORANDUM

Plaintiffs Koninklijke Philips N.V. and Philips North America LLC (collectively, Philips) have sued Defendant HP Inc. (HP) for infringement of claim 1 of each of three patents: U.S. Patent Numbers 9,436,809 (the #809 patent), 10,091,186 (the #186 patent), and 10,298,564 (the #564 patent).[1] D.I. 32. The asserted patents have the same title—"Secure Authenticated Distance Measurement"—and substantively identical written descriptions. The patents purport to claim devices that are used in a system in which "a first communication device [ ] perform[s] authenticated distance measurement between the first communication device and a second communication device." #809 patent,

---

[1] Although not relevant to this motion, Philips also alleged infringement of claims 17 and 49 of the #809 patent.

Abstract; #186 patent, Abstract; #564 patent, Abstract. The claimed inventions accomplish the authenticated distance measurement in relevant part by measuring the time that elapses between the delivery of a "first signal" from the first communication device to the second device and the receipt of a "second signal" by the first device delivered from the second device. 809 patent at claim 1; #186 patent at claim 1; #509 patent at claim 1.

Pending before me is HP's Motion for Summary Judgment of Indefiniteness. D.I. 77. HP argues that the asserted claims are invalid as indefinite "in view of" my construction of what the parties refer to as the "time [difference] between" limitation in each of the asserted claims. D.I. 64 at 2 (brackets in the original); *see also* D.I 67 at 1 (Plaintiffs referring to the disputed limitations as "*the* 'time [difference] between' limitations") (brackets in the original) (italics added)). In the #186 patent, this limitation reads: "a time between the providing of the first signal and the receiving of the second signal." #186 patent at 7:17–18. In the #564 patent, it reads: "a time between providing the first signal and the receiving of the second signal." #564 patent at 7:24–25. In the #809 patent, the limitation reads: "a time difference between [the first device's] providing [of] the first signal and [the first device's] receiving [of] the second signal." #809 patent at 7:23–24.

In the parties' joint claim construction brief, HP argued that I should construe the "time [difference] between" limitation to mean "the time that elapses

between the sending of the first signal and the receipt of the second signal." D.I. 53 at 34. Philips argued that with respect to the #186 and #564 patents, I should construe the limitation to mean "a time determination indicative of the time that separates the [providing/sending] of the first signal and the receiving of the second signal." D.I. 53 at 34 (brackets in the original). Philips argued that with respect to the #809 patent, I should construe the limitation to mean "a time difference determination indicative of the time that separates the [providing/provision] of the first signal and the [receiving/reception] of the second signal." D.I. 53 at 34 (brackets in the original).

At the claim construction or so-called *Markman* hearing,[2] I rejected Philips' proposed constructions as attempts to improperly import additional limitations into the claims. I also rejected HP's proposed construction based on the Federal Circuit's oft-stated principle that the indefinite article "a" is to receive a singular interpretation (i.e., "the") "only in rare circumstances when the patentee evinces a clear intent to so limit the article," and my assessment that HP had not made that showing at the hearing or in its briefing. *See* 6-7-2023 Hr'g Tr. at 60:9–18 (citing *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1356 (Fed. Cir. 2000)). I ruled at the *Markman* hearing that the disputed limitation should be given its plain

---

[2] *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996) ("the construction of a patent, including terms of art within its claim, is exclusively within the province of the court").

3

and ordinary meaning—i.e., *a* time that elapses between the sending of the first signal and the receipt of the second signal.

Thereafter, HP filed the pending motion. I held a hearing on the motion on June 13, 2024. Both parties' competing experts testified at the hearing.

Philips' expert, Jim Williams, was asked during his direct testimony to explain "at a high level" what "a time between" and "a time difference between . . . refer to." 6-13-2024 Hr'g Tr. at 82:22–24. He answered: "The[y] refer to measuring a round-trip time." 6-13-2024 Tr. at 82:25. This response led me to seek the following clarification from Mr. Williams:

> THE COURT: Can I just ask you –
>
> [MR. WILLIAMS]: Yes.
>
> THE COURT: -- by round-trip time, is that *the time that elapses between the sending of the first signal and the receipt of the second signal*?
>
> [MR. WILLIAMS]: Yes. It's both the outbound and the return times.
>
> THE COURT: All right.
>
> [MR. WILLIAMS]: Together.
>
> THE COURT: So I just wanted to make sure. Because that's what I think you're saying. It's *the time that elapses between the sending of the first signal and the receipt of the second signal*. That's round-trip time.
>
> [MR. WILLIAMS]: Absolutely.

4

6-13-2024 Tr. at 83:10–84:7 (emphasis added).

At this point, at my request, counsel came to side bar, and I had the following exchange with Philips' counsel, Mr. Snell:

> THE COURT: So this witness has just adopted the claim construction that was offered by the defendants that was objected to by the plaintiffs.
>
> MR. SNELL: Your Honor, the wording, correct?
>
> THE COURT: I mean, that's what a claim construction is, Mr. Snell, it's the wording. I mean, literally that is what you debated, you put in voluminous *Markman* briefing, you caused me to have a *Markman* hearing, and you are telling me today that the disputed terms are the round-trip time, which your expert defines verbatim what the plaintiffs, or rather, what the defendant said was the appropriate claim construction.
>
> I spent hours preparing for the *Markman* hearing. We had a *Markman* hearing, and it sounds like there really is no dispute.
>
> MR. SNELL: There was a dispute, Your Honor. The dispute that was resolved at *Markman* is that the claims as they are written and construed by the Court measure round-trip time within the error and tolerance --
>
> THE COURT: That's not what -- your proposal was, quote, "A time determination indicative of the time that separates the providing, sending of the first signal and receiving of the second signal."
>
> The defendant's proposal was, quote, "The time that elapses between the sending of the first signal and the receipt of the second signal," unquote.

5

> It's what your witness just twice confirmed is his understanding of the disputed term.
>
> MR. SNELL: And the witness is going to testify that error tolerance is within the scope of the claims. And during *Markman* Your Honor, the defendants, initially, were not allowing for error tolerance within measurement. As I mentioned in the *Markman* hearing transcript –
>
> THE COURT: Error tolerance, and this is, Mr. Snell, what my comments were directed at during the *Markman* hearing[:] i[t']s that it may be that you could put up a witness who says ["]they only measured to nanoseconds. That's not good enough.["] It needs to be, what did you say, picoseconds or something?
>
> MR. SNELL: Picoseconds.
>
> THE COURT: Picoseconds. Thank you. Speaking to an electrical engineer, I take it, right?
>
> My point is, I figured, well, fine, they [the parties' expert witnesses] can debate that. *That's not construction. That's application of a construction.*
>
> MR SNELL: We agree, Your Honor. . . .

6-13-2024 Tr. at 84:5–86:1 (emphasis added).

Based on Messrs. Williams and Snell's statements quoted above, it is clear that the parties now agree that the "time [difference] between" limitations should be construed as "the time that elapses between the sending of the first signal and the receipt of the second signal." Accordingly, I will reconstrue the limitations as

6

such and deny HP's Motion for Summary Judgment of Indefiniteness (D.I. 77) as moot. To be clear, I will deny the motion without prejudice to renew.[3]

The Court will issue an Order consistent with this Memorandum.

7/1/24
DATE

_____
CHIEF JUDGE

---

[3] *Cf. Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1344–45 (Fed. Cir. 2015) (finding the term "molecular weight" to be indefinite where an artisan of ordinary skill would not know which of three possible measurement techniques to use when determining molecular weight). According to Mr. Snell, "error tolerance [in measurement] is within the scope of the claims." 6-13-2024 Tr. at 85:9. According to Mr. Williams, artisans of ordinary skill know of "multiple ways" to measure round-trip time. 6-13-2024 Tr. at 93:7–12.